IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NELSON BOYETTE,                       )
                                      )
         Plaintiff,                   )        No. 12 C 1191
   v.                                 )
                                      )        Judge Robert W. Gettleman
AMERICAN MASSAGE THERAPY              )
ASSOCIATION,                          )
                                      )
         Defendant.                   )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nelson Boyette has brought a two count complaint against his former employer, defendant American Massage Therapy Association, alleging wrongful termination and failure to provide reasonable accommodations in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff failed to file his complaint within the requisite 90 days of receiving his right- to-sue letter from the Equal Employment Opportunity Commission ("EEOC").[1] Because the motion papers (including plaintiff's response) submitted matters outside the pleadings, the court informed the parties that pursuant to Fed. R. Civ. P. 12(d) it would treat defendant's motion to dismiss as a motion for summary judgment under Fed. R. Civ. P. 56. Both parties disclaimed the need for discovery, but requested and were granted leave to file additional briefs and/or declarations, and asked the court to rule on the papers. Based on the evidence presented, the court concludes that defendant has failed to point to undisputed material facts establishing that plaintiff's complaint was untimely. Defendant's motion is denied.

---

[1] To bring a lawsuit under the ADA, a plaintiff must file his complaint within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000 e-5(f); 29 U.S.C. § 626(e).

**BACKGROUND**

Defendant terminated plaintiff's employment in February 2009. Plaintiff filed a charge of discrimination with the EEOC in April 2009. The EEOC attempted to conciliate the dispute, defendant, but was unsuccessful and sent plaintiff a right-to-sue letter on November 18, 2011. The letter was sent via certified mail to plaintiff's address at 3550 North Lakeshore Drive, Apartment 924. The letter was delivered to the apartment building on November 19, 2011, and signed for by an unknown recipient. The signature on the return receipt card is illegible. Plaintiff has submitted his own affidavit and one from his friend Barry Benson indicating that plaintiff was in Syracuse, New York, on the date of delivery, and did not return to Chicago until November 27, 2011, when he first saw the right-to-sue letter.

**DISCUSSION**

A movant is entitled to summary judgment under Rule 56 when the record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing out the absence of a genuine issue of material fact. Once the movant has met that burden, the non-moving party must go beyond the pleadings and present specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Fisher v. Transco Services - Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

Defendant argues that it is entitled to summary judgment because the evidence demonstrates that the right-to-sue letter was "received" at plaintiff's apartment building on November 19, 2011, thereby making plaintiff's complaint, filed 94 days later, untimely.

Defendant is incorrect. As plaintiff points out, defendant has no evidence that the unknown signatory was acting as plaintiff's agent for purposes of receiving the letter, nor has defendant presented any other undisputed facts demonstrating that plaintiff had actual notice of the right-to-sue letter before November 27, 2011. Defendant has therefore failed to meet its burden of establishing that plaintiff actually received the letter on November 19, 2011.

The 90-day limitations period begins to run when plaintiff received actual notice of the right-to-sue letter. Archie v. Chicago Truck Drivers, 585 F.2d 210 (7th Cir. 1978). The "most crucial concept in this matter . . . is the actual knowledge that the time period in which a suit can be filed has commenced." Jones v. Madison Service Corp., 744 F.2d 1309, 1312 (7th Cir. 1984). The Seventh Circuit has created only two exceptions to Archie's actual notice rule: (1) constructive notice suffices when the plaintiff's attorney receives the right-to-sue letter, Jones, 744 F.2d at 1312; and (2) "the actual notice rule does not apply to plaintiffs who fail to receive actual notice through their own fault," Houston v. Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999) (citing St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984)).

The first exception does not apply because plaintiff did not have an attorney at the time of delivery and, even if the Jones exception were broadened to include agents as well as attorneys, there is no evidence that the unknown person who signed the certified mail receipt was plaintiff's agent.

Defendant argues that it was plaintiff's fault that he did not pick-up his mail on the date the letter was delivered. Citing Brown v. Northwestern University, 2011 WL 6152889 at *2 (N.D. Ill. Dec. 7, 2011), defendant argues that plaintiff's failure to arrange to have his mail checked while he

3

was on vacation was "unreasonable" and thus the 90-day period should begin to run when the certified mail arrived at his address.

This court respectfully disagrees with the decision in Brown to the extent that it can be read to hold that it is objectively unreasonable for someone to not make arrangements to have his or her mail checked while on a brief vacation. In the instant case, plaintiff was out of town for a ten day period. He had not specifically requested a right-to-sue letter and, because the case had been pending in the EEOC for over two years, had no reason to believe that one was forthcoming. It was not unreasonable for him to have his mail held until he returned from New York. Thus, his lack of receipt of actual knowledge of the right-to-sue letter on November 19, 2011, was "through no fault of his own," and he should not be penalized. St. Louis, 744 F.2d at 1317.

Because defendant has presented no evidence that plaintiff had actual notice of the right-to-sue letter on November 19, 2011, defendant has failed to meet its burden of establishing that plaintiff's complaint was not timely filed.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is denied. Defendant is directed to answer the complaint on or before October 3, 2012. The parties are directed to file a joint status report using the court's form on or before October 10, 2012. The status hearing previously set for September 18, 2012, is continued to October 17, 2012, at 9:00 a.m.

**ENTER:**

_____
**Robert W. Gettleman**

**United States District Judge**